IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

--------------

| | |
|---|---|
| PETE RUSSELL, JR., | § |
| Petitioner | § |
| | § |
| v. | § |
| | § |
| WILLIAM STEPHENS, | § |
| Director, Texas Department of | § |
| Criminal Justice, Correctional | § |
| Institutions Division, | § |
| Respondent | § |

CASE NO.  4:13-cv-3636

--------------

## PETITIONER'S UNOPPOSED MOTION FOR SECOND EXTENSION OF TIME TO FILE AMENDED PETITION

**TO THE HONORABLE DISTRICT COURT:**

COMES NOW the Petitioner, Pete Russell, Jr. (hereinafter "Russell), through the undersigned court-appointed counsel, and respectfully requests that this Court grant a second extension of time for filing Russell's amended petition in this cause, until Monday, October 26, 2015.  With the original scheduling order taken into account, this is a third set-off, but Russell's current attorneys are having to do things which probably should have been done in 2003 and 2004 by state habeas counsel, and Russell is seeking a shorter length of extension here. This is an unopposed motion. As specific grounds for this motion, Russell submits the following.

1.      Russell was convicted of Capital Murder in Cause Number 898795, in the 262nd District Court of Harris County, Texas.  Based on a jury's answers to special issues, the state district court judge assessed the death penalty.  The district court's judgment was affirmed in *Russell v. State*, 155 S.W.3d 176 (Tex. Crim. App. 2005).

2.      Pursuant to TEX. CODE CRIM. PROC. Art. 11.071, Russell sought habeas relief in the Texas state courts, filing an application in Cause No. 898795-A in the 262nd District Court on October 7, 2004. The judge of the state district court recommended that relief be denied and entered findings of fact and conclusions of law.  Russell's state application was treated by the state district court as presenting three grounds, each alleging ineffective assistance of counsel, including several sub-arguments.  A fourth ineffective assistance claim was made but was not recognized and not addressed in the state habeas findings of fact and conclusions of law.  The Court of Criminal Appeals of Texas denied relief, under that court's Number WR-78,128-01, on November 27, 2013.

3.      Russell filed an original petition under 28 U.S.C. 2254, presenting eleven grounds, without a full discussion of applicable law or evidence.  As stated in the previous extension request, at least the eleventh ground would seem to lack viability because there has not been a specific "holding" by the Supreme Court taking the view opposite of that taken by the Court of Criminal Appeals on Russell's direct appeal.

2

*See Woods v. Donald*, __ U.S. __, 135 S.Ct. 1372, __ L.Ed.2d __ (2015).[1]  Some of the other grounds may face a *Woods*-based argument, but Russell thinks they can survive that challenge. What is of greater concern right now are those issues on which the evidence, as opposed to the law, is still in a disorderly state.

4.     The amended petition is due on August 26, 2015, pursuant to an extension of time for ninety days.  Russell requests an additional sixty-one days, until Monday, October 26, 2015, for filing the amended petition.

5.     The specific reasons for the requested extension are as follows:

A.     Factual Matters Needing Further Work

Since the previous extension request, Russell's attorneys and investigator, Carey Wellman, have continued to conduct a factual investigation into what may be the critical issue  – evidence which would bolster Russell's position, which he has expressed since his trial, that he killed the complainant, Tanjala Brewer, in a crime of passion, constituting only Murder, not Capital Murder.  At the time of the offense, Russell was supposed to report back to a court to start a ten-year prison sentence for a narcotics offense.  Russell had dated Ms. Brewer and he wanted to pledge his love

---

[1]  Russell's petition was filed before *Woods v. Donald* was decided, but the case reads as if this rule was well established in prior cases.  Actually, a review of those earlier cases shows that the Court had used the phrase "holding, as opposed to *dicta,*" which supported a reading of the statute as including the reasoning leading up to the specific holding. But *Woods* and some other cases in the 2014 term have narrowed the possible foundations, in Supreme Court case law, for relief under Section 2254.

for her and secure her commitment to him while he was away.  To pledge his love, Russell took a diamond ring to Ms. Brewer, but she scorned it and was more interested in getting some cocaine.

The State's theory was that Russell killed Ms. Brewer in retaliation for her role in setting up an undercover narcotics transaction, which had led to his arrest and guilty plea.  Russell has never denied being disappointed that he got drawn into an undercover transaction, but it was not a motive for murder. He still wanted Ms. Brewer to be waiting for him after what would likely be a short period in prison before parole.  The strength of the evidence to show that Brewer's rejection of Russell as a suitor was what set the fatal events in motion was critical, as it would make the difference between a Murder conviction and sentence, not possibly including the death penalty, and a Capital Murder conviction which could, and did, land Russell on Death Row.

Russell's state habeas counsel did not even make any argument concerning this vital issue in the sate habeas application.  The entire state application was a big bet on punishment-stage ineffective assistance of counsel.  After a different attorney took over the state proceedings, there was no amendment of the state application to raise this guilt-stage issue.  The Court of Criminal Appeals was not even given a clue that further evidentiary development regarding the ring was necessary.  After Russell

sought relief in this Court, however, Russell's counsel and investigator conducted a detailed, page-by-page review of the records maintained by the Harris County District Attorney's Office. Buried in the offense reports was a reference to the ring, and one document indicated that the ring was marked as an exhibit. Nothing in the file showed, however, any dates, or amounts of time spent, for defense counsel's review of evidence before trial. At trial the ring should have been the cornerstone of the guilt-stage defense. It is likely that at least one juror might have been impressed by showing the ring in court. As counsel could have argued ( but did not), "Seeing is believing." If that approach had been used, including a reminder that a reasonable doubt as to which offense was proved required acquittal of Capital Murder, it is most likely that the result would have been a Murder conviction.

Basically starting from scratch, defense investigator Wellmaker has determined that both of the trial attorneys, Floyd Freed and Ron Hayes, claim no recollection as to this issue. Freed, who was contacted by phone at his current residence in Oregon, stated to Wellmaker that he had no recollection of the particulars of the case, and that he has destroyed his file – in a Capital Murder case for a man still on Death Row. This is not an acceptable response, and Russell needs more time to try to develop Freed's position on the matter. Hayes, for his part, also stated that he no longer has a file, and he does not remember ever seeing the ring. What needs to be done is what

should have been done in the state habeas court around 2004 – an evidentiary hearing, while memories were fresh and (hopefully) files were still available. That was not done because state habeas counsel never showed the state habeas court the need. To get this issue into the shape it needs to be in before a well-informed decision can be made, Russell's attorneys need a little more time. They may also need some funds to go deal with Freed, face-to-face, in Oregon, or to pay for Freed to come to Texas. Russell's counsel have been frugal with the Court's economic resources so far, but one resource counsel does need for this issue is more time.

The other matter which may need further factual development concerns the neglected "future danger" issue. Dr. Mark Cunningham confirmed, in discussions last year, that he is willing to appear as an expert witness. It may be that Russell's counsel can supply enough information through an affidavit, which would be much less costly to the Court, although Russell's attorneys favor a live hearing. In any event, this is another matter on which a little more time is needed.

B.   Competing Obligations

Russell's counsel also have had other obligations with little flexibility in deadlines. Since the previous extension was granted, attorney Winston E. Cochran, Jr., has dealt with the following matters, not even counting routine court appearances for pleas, conferences, *etc*.:

(1) *Jose Pablo Lopez v. State*, No. 01-15-00055-CR in the Court of Appeals for the First District of Texas. This appeal from a Capital Murder conviction in Galveston County required a 53-page brief, filed on August 3, 2015, dealing with an important issue of the interpretation and application of an extradition treaty and the particular agreement for Lopez's extradition from Mexico to Texas, as well as dealing with constitutional attacks on the automatic sentence of life without parole.

(2)   *State v. Miesha Robinson,* in the 253rd District Court of Liberty County.  Counsel drafted a memorandum of law over 30 pages long to assist other counsel for what is probably the first trial-court application of *Rodriguez v. United States*, __ U.S. __, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015) to a Texas traffic stop involving an extension of detention other than for the use of a trained dog to seek narcotics.

(3)   *United States v. Clarence Buck*, No. 4:13-cr-00491-1 in the United States District Court for the Southern District of Texas.  This case is a Hobbs Act prosecution for store robberies, and attorney Cochran has assisted the trial attorneys in preparing pretrial motions, including a challenge to the use of the Hobbs Act in such cases. Cochran also helped trial counsel with the unanticipated problem of spoliation of evidence, which emerged during trial last week. Cochran spent most of last weekend working on this project, which simply could not be put off with a jury trial already under way.

(4)   *Ex parte Michael Ramirez*, No. 1334211-A in the 182nd District Court of Harris County.  This state postconviction writ application had to be filed in early August, 2015 in order to toll the running of the AEDPA statute of limitations.   The issue is ineffective assistance of counsel in various respects. *See Ramirez v. State*, 422 S.W.3d 898 (Tex. App. — Houston [14th Dist.] 2014, pet. ref'd).

(5)   Worst of all of the competing obligations was a dispute with the Internal Revenue Service arising after the Service sent attorney Cochran a notice demanding roughly $6000 in back taxes and underpayment penalties due to the early withdrawal of a Roth IRA in 2013.   The Service appears to have treated the whole withdrawal as income with a

zero basis. The matter is still in dispute, but attorney Cochran was required to respond by August 19, 2015, and did.

Attorney Joe Salinas stayed very busy with state and federal cases, including but not limited to:

(1) *United States v. Victor Ortega-Garcia*, No. 4:15-cr-00282 in the United States District Court for the Southern District of Texas, including preparation for a scheduled trial, a rearraignment, and review of a PSR.

(2) *United States v. Felipe Martinez*, No. 4:15-cr-00290 in the United States District Court for the Southern District of Texas, which went from appointment of counsel to dismissal of the case just within the time of the current extension.

(3) *State v. Don Gillespie* in the 337th District Court of Harris County. This trial resulted in an acquittal.

(4) *State v. Lisa Watson* in the 351st District Court of Harris County. This involved a lengthy contested punishment hearing in a "family violence" Aggravated Assault case with live witnesses.

(5) *State v. Mark Anthony Smith* in the 178th District Court of Harris County, preparing for an upcoming Murder trial.

(6) *State v. Shane Davis* in the 182nd District Court of Harris County, preparing for an upcoming Aggravated Kidnaping trial.

Again, this does not even count nonissue court appearances.

6.   Russell's attorneys have consulted with opposing counsel, Travis M. Bragg, in the office of the Attorney General of Texas, who has stated that the respondent does not oppose an extension.

8

Wherefore Russell prays that this Court extend the time for filing Russell's amended petition for sixty-one days, until Monday, October 26, 2015.

Respectfully submitted,

/s/ J.A. (Joe) Salinas III                     /s/ Winston E. Cochran, Jr.
J.A. (Joe) Salinas III                          Winston E. Cochran, Jr.
Attorney at Law                                 Attorney at Law
Texas Bar No. 00786219                          Texas Bar No. 04457300
12 Greenway Plaza                               P.O. Box 2945
Suite 1100, PMB 121                             League City, TX 77574
Houston, TX 77046                               Tel. (713) 228-0264
Tel. (713) 227-7700                             E-mail: winstoncochran@comcast.net
E-mail: jas3lawtx@aol.com

Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I certify that a copy of this motion is being served on counsel for the respondent via e-mail at the following address on the 26th day of August, 2015:

Travis M. Bragg
Postconviction Litigation Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711
VIA E-MAIL AT: travis.bragg@texasattorneygeneral.gov

/s/ Winston E. Cochran, Jr.
Winston E. Cochran, Jr.